**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1923-17T1

CEDAR GROVE BAPTIST
CHURCH,

      Plaintiff-Respondent,

v.

JEROME BRANHAM,

      Defendant-Appellant.

_____

              Submitted December 18, 2018 – Decided January 2, 2019

              Before Judges Fisher and Hoffman.

              On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000217-16.

              Coffy Law, LLC, attorneys for appellant (Emmanuel Coffy and Ralph Gerstein, on the brief).

              Celeste Dudley-Smith, attorney for respondent.

PER CURIAM

      Plaintiff Cedar Grove Primitive Baptist Church (the church) – a member

of the Northeastern Primitive Baptist Association (the association) –

commenced this General Equity action, alleging defendant Jerome Branham – the church's pastor – first attempted to withdraw the church from the association without proper authorization and later unlawfully locked out the church's acting pastor, officers, and members, from the church's property on Mercer Street in Newark. The church sought an injunction barring Branham from church property and other related relief.

After a two-day bench trial, Judge Thomas M. Moore rendered fact findings and concluded the church was entitled to the relief sought. Branham appeals, arguing:

> I. [THE CHURCH] HAS FAILED TO ESTABLISH THAT IT HAS ANY DULY ENACTED BY-LAWS THAT GOVERN THE RIGHT OF A MEMBER CHURCH TO WITHDRAW FROM THE ASSOCIATION.
>
> II. EVEN ASSUMING THAT THE "ASSOCIATION GOVERNMENT" WAS A VALIDLY ENACTED BY-LAW, IT DOES NOT REQUIRE DEFENDANT TO OBTAIN A VOTE OF THE MEMBER OR MEMBERS BEFORE WITHDRAWING FROM THE ASSOCIATION.
>
> III. EVEN ASSUMING THAT [THE CHURCH'S] WITHDRAWAL FROM THE ASSOCIATION CONSTITUTED A BREACH OF THE AGREEMENT, THE COURT IMPOSED REMEDIES WHICH ARE NOT CALLED FOR EITHER BY THE AGREEMENT OR NEW JERSEY LAW.

2

> IV. IF THIS COURT UPHOLDS THE [TRIAL] COURT DECISION TO ALLOW THE REMOVAL OF [BRANHAM] AS MINISTER AND TO ALLOW THE ASSOCIATION TO TAKE OVER THE PROPERTY OF THE . . . CHURCH, THEN [BRANHAM] IS ENTITLED TO RECOVER IN QUANTUM MERUIT FOR REPAIRS, MAINTENANCE AND IMPROVE-MENTS TO THE CHURCH.

We find insufficient merit in these arguments to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm substantially for the reasons expressed in Judge Moore's thoughtful and well-reasoned oral decision. We add only a few brief comments.

Judge Moore observed that, contrary to Branham's assertion, the church had been an association member from the association's inception in 1927 and without interruption until Branham told church elder and moderator, Alfonso Tolliver, in July 2015, that he was "disassociating" from the association and "taking the church with him." Tolliver objected and told Branham his actions were out of order and contrary to association regulations. In September 2015, the association met and voted to terminate Branham's leadership position with the church.

Judge Moore correctly recognized that the case presented a "primary question": whether Branham was authorized to withdraw the church from the association. The evidence, the judge concluded, compelled "a resounding no"

A-1923-17T1

to that question. In explaining, the judge described the manner in which the church might disassociate and, by comparison, concluded proper procedure had not been followed. The judge concluded – on considering the association regulations, the testimony he found credible, and the corroboration provided by Branham's concealment of his actions for eight months, among other things – that Branham lacked the authority to withdraw the church from the association, and that Branham "knew that he had absolutely no right to do so in the manner he did" but "did it anyway." Judge Moore's findings were well-supported by the credible evidence and command our deference. See Rova Farms Resort, Inc. v. Inv'rs. Ins. Co., 65 N.J. 474, 484 (1974).

We lastly express our agreement with Judge Moore that his ability to resolve the issues posed by this lawsuit was unimpeded by constitutional principles that recognize a wall between church and state. The decision did not require the court's determination of disputes about religious doctrine or ecclesiastical policy, see McKelvey v. Pierce, 173 N.J. 26 (2002); Elmora Hebrew Ctr., Inc. v. Fishman, 125 N.J. 404, 413 (1991), only whether established procedures were followed. Both parties agree their disputes were constitutionally justiciable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4                                                          A-1923-17T1